UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>YENITZIA MARIN JUAREZ,<br><br>                        Defendant. | Case No.:  19-MJ-24581-RNB-JLS<br><br>**ORDER DISMISSING DEFENDANT'S APPEAL**<br><br>[ECF No. 10] |

Presently before the Court is Defendant Yenitzia Marin Juarez's Notice of Appeal to the District Court (ECF No. 10), which seeks review of Magistrate Judge Robert N. Block's Final Judgment (ECF No. 8) finding Defendant guilty of one count of misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The notice of appeal is timely, and this Court has jurisdiction pursuant to 18 U.S.C. § 3402.  In support of the appeal, Defendant filed an Opening Brief (ECF No. 23), and the United States filed an Answering Brief (ECF No. 24).  Having reviewed the Parties' briefing and the law, the Court finds that Defendant waived her right to appeal non-jurisdictional, antecedent defects by virtue of her unconditional guilty plea and **DISMISSES** Defendant's Appeal.

/ / /

## BACKGROUND

Defendant was arrested on December 5, 2019 and charged with attempted illegal entry by an alien in violation of 8 U.S.C. § 1325(a)(1). ECF No. 1. On December 11, 2019, Defendant pled guilty to the charge without a plea agreement and was sentenced to time served. ECF Nos. 7 and 17. Defendant timely filed this appeal on December 16, 2019. ECF No. 10. *See* Fed. R. Crim. P. 58(g)(2)(B) (establishing 14-day timeframe for appealing a magistrate judge's judgment of conviction or sentence).

## DISCUSSION

Defendant raises two challenges to her conviction. First, she contends that her prosecution violated equal protection under *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977).[1] Second, Defendant contends that her guilty plea did not comport with Rule 11 of the Rules of Criminal Procedure. The Government responds that that each of these arguments is foreclosed by binding Ninth Circuit authority.

The Court finds that Defendant's appeal must be dismissed because Defendant waived her claims by entering a voluntary unconditional guilty plea. "It is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea...." *Id.,* quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

Here, Defendant does attempt to attack the voluntary and intelligent character of the guilty plea by claiming that the magistrate judge improperly advised her of the elements of

---

[1] Defendant acknowledges that this argument is foreclosed by the Ninth Circuit's decision in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), *cert denied* 144 S.Ct. 703 (2024).

the offense because he omitted the requirement that Defendant knew that she was not a United States citizen.  However, this argument is foreclosed by *United States v. Rizo-Rizo*, 16 F.4th 1292, 1299, *cert. denied*, 143 S.Ct. 120 (2022) (holding that knowledge of alienage is not an element of the crime of attempted illegal entry).  Thus, the Court finds no basis to conclude that Defendant's guilty plea was involuntary.  Therefore, the Court finds that Defendant waived her antecedent constitutional challenges to 8 U.S.C. 1325(a)(1) by entering a voluntary guilty plea.

## CONCLUSION

In light of the foregoing, the Court finds that the claims raised in Defendant's appeal are waived by Defendant's guilty plea.  Accordingly, Defendant's Appeal is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  June 25, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge